Toomey, J.
This action was originally filed against the John Hancock Insurance Co. (“John Hancock”) alleging breach of contract and violation of G.L.c. 93A. The complaint was subsequently amended to include the Group Insurance Commission, a Commission established by statute to administer insurance policies for the employees of the Commonwealth.[3] G.L.c. 32A, Sec. 1 et seq. The matter is presently before the court on defendant, John Hancock’s, motion for summary judgment. For the following reasons, the defendant’s motion is ALLOWED.
Background
Plaintiff, Marilyn L. Zoppo, is an employee of the Commonwealth. The Group Insurance Commission (“GIC”) was established by G.L.c. 32A as an unpaid commission to purchase and administer group health, life, disability and accidental death insurance for certain employees of the Commonwealth and their dependents. G.L.c. 32A, Sec. 1. As a spouse of Marilyn L. Zoppo, Robert J. Zoppo is insured under a plan established by the GIC. The plan is a self-insurance plan, the “State Hancock Plan,” and is administered by John Hancock pursuant to a contract between John Hancock and the GIC. G.L.c. 32A, Sec. 4A.
On April 12, 1995, Mr. Zoppo submitted a request for pre-determination regarding coverage for lower-back surgery which he was scheduled to have on April 26, 1995. On April 19, 1995, John Hancock informed Mr. Zoppo that coverage for his potential claim had been denied. That same day, Mr. Zoppo requested reconsideration of that decision. Following review of the case by an independent physician, the decision to deny coverage for the surgery on the grounds that it was not necessary was reaffirmed on April 26.[4] Mr. Zoppo proceeded to have the surgery despite this determination.
Mr. Zoppo again submitted a request for reconsideration on May 16, 1995 and, following review of the case by another physician, coverage was again denied. Mr. Zoppo proceeded to appeal the case to the GIC, pursuant to 805 C.M.R. Sec. 9.74, which affirmed the decision made by John Hancock on September 19, 1995.
This case was then initiated in the Superior Court on December 27, 1995.
Discussion
This court grants summaryjudgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof regarding that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summaryjudgment by resting on its pleading and mere assertions of disputed facts...” LaLonde v. Eisenner, 405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
The GIC contracted with John Hancock to administer the self-funded insurance plan, known as the State Hancock Plan, offered by the GIC to employees of the Commonwealth. This type of contractual arrangement is commonly referred to in the insurance industry as an Administrative Services Only (“ASO”) agreement. See G.L.c. 32A, Sec. 4A (granting GIC authority to enter into ASO contracts). John Hancock was never in a contractual relationship with the plaintiffs, Mr. and Mrs. Zoppo. The plaintiffs did have a contract with the GIC in the form of the State Hancock Plan, but John Hancock’s role in the State Hancock plan was to act on behalf of the GIC in processing claims, disbursing payment on claims, and reviewing claims for approval or denial of coverage at the initial stages. The ultimate authority for decisions regarding coverage of claims was the GIC. 805 CMR 3.05(5). Any *154 coverage determinations made by the GIC were binding upon John Hancock. This court concludes, based upon the above undisputed facts, that John Hancock served only as an agent for the GIC.
The law of the Commonwealth clearly states that the agent of a fully disclosed principle is not liable for any breach of contract by the principle. Atlantic Salmon A/S v. Curran, 32 Mass.App. 488, 492 (1992). An agent “does not become liable by reason of the failure of the principal to perform, unless he contracts or represents that the principal has capacity or unless he has reason to know of the principal’s lack of capacity and of the other parly’s ignorance thereof.” United States Gypsum Co. v. Carney, 293 Mass. 581, 586 (1936). The plaintiffs have not alleged that John Hancock misrepresented the GIC’s plan or its coverage in any way. The breach of contract claim is based solely on the denial of coverage for the back surgery, a decision made by the GIC and which John Hancock is legally obligated to honor. As a limited agent of the GIC, John Hancock is not responsible for coverage decisions made by the GIC. Therefore, summary judgment will be granted on the breach of contract claim.
Similarly, John Hancock is not liable under G.L.c. 93A. Under the ASO agreement, John Hancock has agreed to service claim applications and make coverage determinations subject to the authority of the GIC to uphold or reverse such decisions. John Hancock does not act as an insurer in this context and, therefore, John Hancock is not engaged in “trade” or “commerce” within the accepted meaning of those terms. See Poznik v. Massachusetts Medical Prof. Ins. Assoc., 417 Mass. 48, 52-3 (1994) (MMPIA assumed no risk of loss, had no discretion on whom it insured, and thus was not in the business of insurance sufficient to subject it to G.L.c. 93A).
Despite the plaintiffs’ arguments to the contrary, there is no evidence to indicate that John Hancock was employed to control and minimize the costs associated with the State Hancock Plan. Compare Miller v. Risk Management Found. of the Harvard Medical Insts., Inc., 36 Mass.App.Ct. 411 (1994) (defendant was hired to facilitate malpractice claims and to minimize hospital’s exposure to such claims). The court concludes, then, that John Hancock was not engaged in the business of insurance and is not subject to G.L.c. 93A in the circumstances presented at bar.
ORDER
For the foregoing reasons, I ORDER that the defendant, John Hancock Insurance Co.’s, motion for summary judgment be ALLOWED.

 The Group Insurance Commission’s Motion to Dismiss has been treated in a separate “Memorandum of Decision.”

 The surgery was deemed unnecessary due to “an inadequate trial of non-operative treatment.”